# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

BROADCAST MUSIC INC.,

        Plaintiff,

        Case No. 11-C-343

-vs-

ARMADA MEDIA CORP.,
ARMADA MEDIA-ABERDEEN INC.,
ARMADA MEDIA-WATERTOWN INC.,
ARMADA MEDIA McCOOK INC., and
ARMADA MEDIA-MENOMINEE INC.,

        Defendants.

---

## DECISION AND ORDER

---

        This is an action, pursuant to 9 U.S.C. § 9, for confirmation of an arbitration award that was entered on August 2, 2010, in *Broadcast Music, Inc. v. Armada Media Corp., et al.,* Case No. 19 432 00037 10 by the American Arbitration Association, Commercial Arbitration Tribunal ("AAA"). The matter is before the Court on the motion of the Plaintiff, Broadcast Music, Inc. ("BMI"), for entry of default judgment against the Defendants, Armada Media Corp., Armada Media-Aberdeen Inc., Armada Media-Watertown Inc., Armada Media McCook Inc., and Armada Media-Menominee Inc. (collectively the "Armada Defendants").

        The Clerk of Court entered default against the Armada Defendants on May 16, 2011. Broadcast proffers the affidavit of C. Paul Snyder ("Snyder") and the supplemental Snyder affidavit in support of its motion for default judgment. Broadcast relies upon Federal

Rule of Civil Procedure 55(b)(1). However, since Broadcast is seeking entry of default judgment by the Court, not the Clerk of Court, the appropriate subsection of Rule 55 is Rule 55(b)(2).

It is well-established that "judgment by default may not be entered without a hearing on damages unless . . . the amount claimed is liquidated or capable of ascertainment from definite figures contained in documentary evidence." *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir.1983). Here, Broadcast's damages are established by the August 2, 2010, arbitration award in *Broadcast Music, Inc.*, Case No. 19 432 00037 10. Therefore, in large part, the amounts can be ascertained from that award.

By the arbitration award, the arbitrator found that the parties entered into arbitration agreements dated August 10, 2007, September 19, 2007, March 4, 2008, July 27, 2009, October 19, 2009, and November 24, 2009, and a Court order dated July 2, 2010, the Arbitrator and ordered that the various Armada Defendants owed specific sums to BMI through July 31, 2010, plus interest from August 1, 2010. (Supplemental Snyder Aff. ¶ 3, Ex. B) The arbitrator did not specify the amount of interest; however the arbitration agreements provide that "BMI may impose a late payment charge of 1% per month from the date the payment was due on any monthly payment that is received by BMI after the date the payment was due." (*See* Supplemental Snyder Aff. ¶ 3, Ex. A, Attach. A (BMI® Radio Station Blanket/Per Program License Extension Agreement ) 4, 4(D) & Ex. F(BMI® Radio Station Blanket/Per Program License Extension Agreement) 4 4(D).) Consideration of the

amounts owed as of July 31, 2010, and the total amounts now claimed by BMI, establishes that, although not explicitly stated, BMI has calculated simple interest at the rate of 1% per month on the principal amounts.

In the exercise of discretion, pursuant to Federal Rule of Civil Procedure 55(b)(2), having considered the Snyder affidavit and the supplemental Snyder affidavit, the Court grants Broadcast's motion for default judgment. Specifically, the Court finds that Armada Media Corporation must pay BMI $41,448.59 for fees and late fees through July 31, 2010, together with interest on that amount at a rate of 1% per month from August 1, 2010, for a total of $41,771.09. Armada Media Corporation is also jointly and severally liable with Armada Media-Aberdeen, Inc. to BMI for $34,974.38 for fees and late fees due through July 31, 2010, together with interest on that amount at the rate of 1% per month from August 1, 2010, for a total of $35,246.51. Additionally, Armada Media Corporation is jointly and severally liable with Armada Media-Watertown, Inc. to BMI for $24,436.74 for fees and late fees due through July 31, 2010, together with interest on that amount at the rate of 1% per month from August 1, 2010, for a total of $24,626.88. Armada Media Corporation is also jointly and severally liable with Armada Media McCook, Inc. to BMI for $19,504.80 for fees and late fees due through July 31, 2010, together with interest on that amount at the rate of 1% per month from August 1, 2010, for a total of $19,656.56. In addition, Armada Media Corporation is jointly and severally liable with Armada Menominee, Inc. to BMI for $26,686.86 for fees and late fees due through July 31, 2010, together with interest on that amount at the rate of 1% per month from August 1, 2010, for a total of $26,894.51.

Furthermore, the Armada Defendants are jointly and severally liable to BMI for $834.00 for attorney's fees and costs, plus $2,050.00 ($1,850.00 as the AAA's administrative fees and $400.00 as the arbitrator's compensation representing the portion of such amounts that exceed the apportioned costs previously incurred by BMI).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

BMI's motion for default judgment ( Docket No. 10) is **GRANTED** as follows:

(a)  Armada Media Corporation **MUST** pay BMI **$41,771.09**;

(b)  Armada Media Corporation and Armada Media-Aberdeen, Inc. are **JOINTLY AND SEVERALLY LIABLE** to BMI for the amount of **$35,246.51**;

(c)  Armada Media Corporation and Armada Media-Watertown, Inc. are **JOINTLY AND SEVERALLY LIABLE** to BMI for the amount of $24,436.74 for fees and late fees due through July 31, 2010, together with interest on that amount at the rate of 1% per month from August 1, 2010, **FOR A TOTAL OF $24,626.88;**

(d)  Armada Media Corporation and Armada Media McCook, Inc. are **JOINTLY AND SEVERALLY LIABLE** to BMI for the amount of $19,504.80 for fees and late fees due through July 31, 2010, together with interest on that amount at the rate of 1% per month from August 1, 2010, **FOR A TOTAL OF $19,656.56**;

(e)  Armada Media Corporation and Armada Menominee, Inc. are **JOINTLY AND SEVERALLY LIABLE** to BMI $26,686.86 for fees and late fees due through July 31, 2010, together with interest on that amount at the rate of 1% per month from August 1, 2010, **FOR A TOTAL OF $26,894.51**;

(f)  Armada Media Corporation, Armada Media-Aberdeen, Inc., Armada Media-Watertown, Inc., Armada Media McCook, Inc. and Armada Menominee, Inc. **ARE JOINTLY AND SEVERALLY LIABLE** to BMI **FOR $834.00** as attorney's fees and costs;

(g) Armada Media Corporation, Armada Media-Aberdeen, Inc., Armada Media-Watertown, Inc., Armada Media McCook, Inc. and Armada Menominee, Inc. **ARE JOINTLY AND SEVERALLY LIABLE** to BMI **FOR A TOTAL OF $2,050.00** ($1,850.00 as the AAA's administrative fees and $400.00 as the arbitrator's compensation); and

The Clerk of Court is **DIRECTED** to enter judgment accordingly

Dated at Milwaukee, Wisconsin, this 24th day of May, 2011.

                                      **BY THE COURT**

                                      *s/ Rudolph T. Randa*
                                      **HON. RUDOLPH T. RANDA**
                                      **U.S. District Judge**